*United States v. Bonds*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of December, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

   *Appellee*,

  v.          No. 18-3018

JASON BONDS,

   *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant Jason Bonds: | Steven L. Barth, Barclay T. Johnson, Assistant Federal Public Defenders, *for* Michael L. Desautels, Federal Public Defender, District of Vermont, Burlington, Vermont. |
| For Appellee the United States of America: | Barbara A. Masterson, Gregory L. Waples, Assistant United States Attorneys, *for* Christina E. Nolan, United States Attorney for the District of Vermont, Burlington, Vermont. |

Appeal from a judgment of the United States District Court for the District of Vermont (Sessions, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jason Bonds appeals his October 2, 2018 sentence upon conviction after his plea of guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The district court sentenced Bonds to 45 months of imprisonment, to be followed by a five-year term of supervised release. Bonds challenges only one aspect of that sentence: a special condition of supervised release requiring that he submit to polygraph examinations at the direction of a probation officer. Because any refusal to do so could result in a revocation of supervised release and a return to prison, Bonds argues that the polygraph requirement violates his Fifth Amendment right against self-incrimination.

Bonds states that he has filed this appeal to preserve the issue for further review; citing our decisions in *United States v. Johnson*, 446 F.3d 272 (2d Cir. 2006), and *United States v. Boles*, 914 F.3d 95 (2d Cir. 2019), he concedes that binding circuit precedent forecloses his challenge. We agree. In the absence of any intervening Supreme Court decisions casting doubt on our prior rulings, *see Doscher v. Sea Port Grp. Secs., LLC*, 832 F.3d 372, 378 (2d Cir. 2016), we are bound to apply *Boles* and the cases preceding it, even over the objection that they were "wrongly decided," *Kremer v. Chemical Constr. Corp.*, 623 F.2d 786, 788 (2d Cir. 1980). Bonds raises such an objection, but concedes that *Boles* controls our decision nonetheless. As we find no other basis for reversal, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2